Hyman, C. J.
Plaintiff brought suit on a written instrument, in the' following words, to wit:
“Beceived from Jonas Platt, the sum of twenty-seven hundred and eighty-seven dollars and twenty cents, in full payment of thirty bales of cotton, weighing 13,936 pounds, at twenty cents per pound. I agree to keep said cotton protected from the weather, and to deliver the same in good order at the Dorehete landing, near the town of Minden, when ordered so to do by the said Platt, all loss by fire or capture at the risk of the purchaser. This the 30th day of January, 1864.
John L. Maples, by Emma Maples.”
Which he alleged to be a written obligation, and asked for judgment against defendant for thirty bales of cotton, or their value.
Defendant, in answer, admitted that he executed the instrument, but averred that he received Confederate treasury notes for the cotton mentioned therein.
Judgment was rendered in favor of defendant and against the plaintiff for cost of suit, and the plaintiff has appealed from the judgment.
’ On the trial of the case in the lower Court, defendant offered to prove by oral evidence that the amount stated in the instrument to have been paid, was paid in Confederate treasury notes.
Plaintiff objected to the introduction of this evidence, on the ground that parol evidence could not be received to contradict the written obligation.
The Judge admitted the evidence, and the plaintiff filed a bill of exception to its reception.
The instrument sued on is not a contract of sale of the cotton, though it fully proves that a sale was made of the same.
*460 It is a receipt for money paid on the cotton sold, coupled with an agreement to take care of and deliver the cotton.
It is clear that, that part of the instrument, which acknowledges the payment of money, may be controverted by parol evidence, as it in no manner contradicts the agreement to take care of and deliver the cotton. A receipt which acknowledges payment is merely prima facie evidence of the fact of payment, and is not conclusive. See Greenleaf on Evidence, vol. 1, l 305.
The facts of the case do not require of us to decide, whether or not an acknowledgment of payment in a written contract of sale could be contradicted by the jiarties thereto, with parol evidence.
The evidence in the case satisfies us, that by the contract of sale, the jirice for the sale of the cotton was to be paid in Confederate treasury notes, issued by the so-called Confederate States of America, to enable them to carry on war against the Government of the United States, of which the parties to the suit were citizens.
The dealing in and contracting for these notes gave credit and confidence to them, and assisted the rebels in the war against the government.
The consideration of the sale of the cotton was unlawful. Such dealing had a tendency to disrupt the government, and can have no effect. See Civil Code, 1887 and 1889.
It is contended that as the defendant delivered a part of the cotton, he ratified the contract.1 Such contracts cannot'be the foundation of a natural obligation, and cannot be ratified. See Civil Code, Article 1751, 11.
They are immoral.
Plaintiff contends that the instrument sued on, was an executed contract.
Under a contract of sale the vendor is obliged to deliver the things sold, and the contract cannot be fully executed until the things sold are delivered. See Civil Code, 2450.
Courts will not require such a contract to be enforced, at the suit of one of the parties thereto, against the other. JSm lurpi causa non oritur aclio.
Let the plaintiff’s suit be dismissed.